IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Todd Ellis Swanson, ) | |
| ) | Civil Action No. 6:05-3286-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Washington Mutual Bank, FA, as ) | |
| successor in interest to Fleet Mortgage ) | |
| Corp. and Washington Mutual Home ) | |
| Loan, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motions to dismiss and for sanctions. The plaintiff, who is proceeding *pro se*, filed a complaint on November 28, 2005. In his complaint, the plaintiff alleged that he and the defendant "purported to execute" a mortgage and note, but that the defendant never gave him a signed copy of the purported mortgage, note, and other disclosures. He sought damages for the defendant's alleged failure to disclose his right to cancel and failure to make certain Truth in Lending disclosures, as well as for violations of numerous consumer rights (verified comp. ¶ 18). The plaintiff also sought an injunction preventing the defendant from foreclosing against the property (verified comp., prayer for relief, ¶ 9. The defendant is Washington Mutual Bank ("Washington Mutual"), formerly known as Washington Mutual Bank, F.A., the successor in interest to Washington Mutual Home Loans, Inc. and Fleet Mortgage Corp.

On January 17, 2006, the defendant filed a motion to dismiss and a motion for sanctions. By order filed on January 20, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion to dismiss. The plaintiff filed

a response to the defendant's motions on February 6, 2006, and the defendant filed a reply on February 16, 2006.

According to the defendant, "This case is another in a long line of litigation resulting from the Dorean Group's fraudulent mortgage elimination scheme" (def. m. to dismiss 1, ex. A, B, C, D). The defendant describes the scheme as follows:

> [T]he Dorean Group charges homeowners thousands of dollars for its services and then files false documents purporting to cancel the homeowner's mortgage and show the property to be unencumbered. The homeowner is then instructed to obtain another mortgage on the home, with much of the proceeds going to the Dorean Group, its representatives, or agents. The homeowner receives cash representing only a fraction of the mortgage amount, but is left with the entire mortgage to be paid.

(Def. m. to dismiss 2, ex. C).

The principles in the Dorean scheme are D. Scott Heineman ("Heineman") and Kurt F. Johnson ("Johnson"). The plaintiff, formerly a licensed certified public accountant in South Carolina, has participated in suits brought as a consequence of this scheme. In the order revoking the plaintiff's accounting license, the South Carolina State Board of Accountancy noted that the "main premise of the scheme is that no enforceable debt accrues from a lender that funds a loan through wire transfers rather than through hard cash, this is referred to as the 'vapor money' theory." The plaintiff participated by filing over 750 opinion letters in support of the Dorean Group's legal theories. The letters were addressed to the homeowners and were used by the Dorean Group in its efforts to invalidate mortgages on homes in various states (def. m. to dismiss, ex. B, Findings of Fact ¶ 9).

Heineman and Johnson are the named trustees of the Swanson Family Trust, which holds record title to the subject property in this case and also has assumed the subject mortgage (def. m. to dismiss, ex. F, Judgment of Foreclosure and Sale, *Washington Mutual v. Swanson, et al*, No. 2004-CP-23-7289, at Findings of Fact ¶ 9). The plaintiff conveyed title of the subject property to Heineman and Johnson as trustees of the Swanson Family Trust on

February 12, 2004. According to the defendant, no mortgage payments have been made since March 1, 2004 (*id.* at ¶ 13). A purported Satisfaction of Mortgage, later invalidated by the Master-in-Equity as unauthorized and filed in error, was filed on April 7, 2004 (*id.* at ¶ 8). Washington Mutual initiated foreclosure proceedings on or about October 22, 2004, against the plaintiff, Heineman, and Johnson (def. m. to dismiss., ex. E, Foreclosure Complaint, *Washington Mutual v. Swanson, et al*, No. 2004-CP-23-7289). Heineman and Johnson were named both individually and as trustees of the Swanson Family Trust (*id.*). The foreclosure complaint included both a copy of the note and the notice required by the Fair Debt Collection Practices Act attached as exhibits (*id.*). By order dated September 13, 2005, the Honorable Charles B. Simmons, Master-in-Equity for Greenville County, South Carolina, issued an Order and Judgment of Foreclosure and Sale (def. m. to dismiss, ex. F).

The plaintiff did not appeal the Judgment of Foreclosure and Sale. On or about September 30, 2005, the plaintiff filed for bankruptcy, listing Washington Mutual as his only creditor, thereby staying the foreclosure action (def. m. to dismiss, ex. G, Voluntary Petition, Case No. 05-111310-jw). The plaintiff failed to file the required schedules and the case was dismissed by order of the Bankruptcy Court dated October 25, 2005 (def. m. to dismiss, ex. H, Order Dismissing Bankruptcy). The Master-In-Equity then issued an Amended Order, dated November 28, 2005, to update the debt figures. In that Amended Order, he stated that "[t]he remainder of the Master in Equity's [September 13, 2005] Order and Judgment of Foreclosure will remain in force and effect" (def. m. to dismiss, ex. I). The plaintiff's complaint seeking damages and injunctive relief in the instant case followed. On January 31, 2006, this court issued a report recommending that the request for injunctive relief be denied.

3

**APPLICABLE LAW AND ANALYSIS**

*Motion to Dismiss*

The defendant has moved to dismiss the plaintiff's complaint. The defendant first argues that the plaintiff does not have standing to bring this action. The defendant contends the plaintiff has no legally recognized interest in the property since the Foreclosure Order found that Heineman and Johnson were the owners and title holders of record regarding the subject property (def. m. to dismiss, ex. F at ¶ 9). Assuming that the plaintiff does have standing to bring this action, the defendant argues that the claims are barred by the doctrine of *res judicata* (claim preclusion) and are precluded under Federal Rule of Civil Procedure 13(a). The defendant further argues that the claims under the Truth in Lending Act ("TILA") are time-barred, and the plaintiff is precluded from relitigating these legal issues under the principles of issue preclusion.

*Res judicata* (claim preclusion) is an affirmative defense that must be pleaded. Fed.R.Civ.P. 8(c). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). More specifically, "[r]ules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enterprises, Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996) (citing *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)). "Generally, claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Id.*

In the present case, the prior judgment in the foreclosure case against the plaintiff was final and on the merits. The Master-in-Equity issued a valid Judgment of Foreclosure, and the time for appeal has passed without action by the plaintiff. In addition, the parties are identical. While the claims alleged in this case and the foreclosure case are not identical, they are based upon the same cause of action. "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." *Id.* at 1316 (citations omitted). Here, the claims clearly arise out of the same transaction, the mortgage loan, and involve the same core of operative facts. The plaintiff had ample opportunity to raise these claims in the previous foreclosure action but did not do so. Consequently, *res judicata* bars him from raising these same claims in this subsequently filed action.

The plaintiff's claims are also precluded by Federal Rule of Civil Procedure 13(a), which requires that a party state as a counterclaim any claim that a party has against the opposing party rising out of the same transaction or occurrence that is the subject matter of the opposing party's claim. South Carolina's version of Rule 13(a) is identical. A counterclaim is compulsory if (1) the issues of fact and law raised in the claim and counterclaim are largely the same; (2) *res judicata* would bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule; (3) substantially the same evidence supports or refutes the claim as well as the counterclaim; and (4) there is a logical relationship between the claim and counterclaim. *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051-53 (4th Cir. 1976). In *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988), the Fourth Circuit Court of Appeals stated, "Where . . . the same evidence will support or refute both the claim and the counterclaim, the counterclaim will almost always be compulsory."

As argued by the defendant, the issues of fact and law raised in the foreclosure action and the present action are virtually identical, and an obvious logical relationship exists between the claims because of the common transaction underlying all the claims in both

5

actions - the single mortgage loan transaction. *See, e.g. N.C. Fed. Savings and Loan Ass'n v. DAV Corp.*, 381 S.E.2d 903, 905-906 (1989) (holding that all actions related to enforceability of a note are compulsory counterclaims in a foreclosure action under South Carolina's version of Rule 13(a) and that a logical relationship exists between the claims). Further, substantially the same evidence would be relevant and, as set forth above, *res judicata* would bar the subsequent suit even without Rule 13(a). Based upon the foregoing, the plaintiff's claims in this action were compulsory counterclaims in the foreclosure action. As he did not plead them in the earlier action, they are now barred.

Based upon the foregoing, this court recommends that the motion to dismiss be granted.[1]

***Motion for Sanctions***

The defendant has moved for sanctions against the plaintiff pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides in pertinent part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> ***
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> ***
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or

---

[1] As the court finds that the instant action should be dismissed because the claims are barred by *res judicata* and Rule 13(a), the court will not address the defendant's other arguments in support of dismissal.

6

>    parties that have violated subdivision (b) or are responsible for
>    the violation.

Fed.R.Civ.P. 11(b), (c).

The defendant argues that sanctions are warranted in this case because the plaintiff was aware when he filed this action that his theories have been rejected by the courts. In the order of The Honorable Matthew Perry, Junior, Senior United States District Judge, in *The National Bank of South Carolina v. Julian*, No. 3:04-22447-10BC (D.S.C.), filed August 3, 2005, Judge Perry considered a motion to dismiss filed by the plaintiff bank in its foreclosure action against the defendants, including Heineman and Johnson, who, as in this case, were the trustees of a family trust that purportedly owned the subject property. The defendants filed numerous counterclaims including claims under the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act, TILA, and the Racketeering Influenced and Corrupt Organizations Act ("RICO").  Defendants Debra and William Julian alleged in one of their counterclaims that the plaintiff mortgage lender failed to make required disclosures under TILA, basing their claims upon the vapor money theory (Julian answer ¶¶ 86-93).  Judge Perry struck the defenses and dismissed the counterclaims, noting that the Magistrate Judge observed that the Dorean Group theories had "been rejected by every court which has considered it" (def. m. for sanctions, ex. B).

The defendant also cites the case of *The Frances Kenny Family Trust v. World Savings Bank FSB*, No. C 04-03724 WHA, 2005 WL 106792 (N.D. Cal. 2005), in support of its request for sanctions (def. m. for sanctions, ex. D).  In *Kenny Family Trust*, the District Court for the Northern District of California found that 15 Dorean Group cases were "frivolous and filed in bad faith."  The court, citing cases from across the country, noted that the Dorean Group's theories "have been squarely addressed and rejected by various courts throughout the country for over twenty years" and that "[i]t is this kind of abuse of the judicial process . . . that justifies an award of attorney's fees against plaintiffs."  *Id.* at *5.

7

The defendant argues that "[t]he present case provides a unique opportunity for this Court to hold accountable one of those responsible for the time-consuming and expensive litigation that has ensued from The Dorean Group's scheme" (def. m. for sanctions 5).

The plaintiff argues that the Dorean Group's activities have nothing to do with his claims (pl. resp. m. to dismiss 2). He states that he discovered the defendant's alleged TILA violations in a recent audit of the loan documents (pl. resp. m. to dismiss 1). This court finds that sanctions are not required in this case. The plaintiff claims in his complaint that the defendant failed to disclose his right to cancel and failed to make disclosures required by the TILA at the closing of his home loan. However, unlike the plaintiffs in *Kenny Family Trust* and the defendants in *The National Bank of South Carolina v. Julian*, it does not appear that his claims are based upon the "vapor money" theory that has been rejected by the courts. *See Kenny Family Trust*, 2005 WL 106792, **4-5; *The National Bank of South Carolina v. Julian*, 3:04-22447-10BC, 3/25/05 Report and Recommendation at 5 (D.S.C.) (def. m. for sanctions, ex. B). While the claims are barred by *res judicata* and Rule 13(a), as they should have brought in the previous foreclosure action, this court cannot say that the plaintiff's claims are based on theories that have been rejected by the courts.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss be granted. It is further recommended that the defendant's motion for sanctions be denied.

s/William M. Catoe
United States Magistrate Judge

March 23, 2006

Greenville, South Carolina

8